IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 18-174 |
| LIAM HEIM | : | |

**GOVERNMENT'S GUILTY PLEA MEMORANDUM**

**I.    INTRODUCTION**

The defendant has elected to enter an open plea of guilty to each of the two counts contained in the indictment, which charge the defendant with: 1) traveling in interstate commerce to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b); and 2) transportation of a minor in interstate commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a).

**II.   PLEA AGREEMENT**

There is no plea agreement.

**III.  MAXIMUM AND MINIMUM PENALTIES**

Count 1: (travel in interstate commerce to engage in illicit sexual conduct, 18 U.S.C. § 2423(b)):   Maximum of thirty (30) years' imprisonment; five (5) years up to a lifetime of supervised release; maximum possible fine of $250,000; a $100 special assessment and, if the defendant is non-indigent, an additional mandatory $5,000 special assessment.

Count 2 (transportation of minor in interstate commerce to engage in criminal sexual activity, 18 U.S.C. § 2423(a)):   Maximum of life imprisonment; mandatory minimum term of ten (10) years' imprisonment; five (5) years up to a lifetime of supervised release; maximum possible

fine of $250,000; a $100 special assessment and, if the defendant is non-indigent, an additional mandatory $5,000 special assessment.

Total Maximum and Minimum Potential Sentence is:  A maximum of life imprisonment; a mandatory minimum term of ten (10) years' imprisonment; five (5) years up to a lifetime of supervised release; a maximum possible fine of $500,000; and up to $10,200 in special assessments.

If a term of supervised release is imposed and subsequently revoked (except if the revocation is for the defendant's commission of one or more specified child exploitation offenses), the original term of imprisonment may be increased by up to three (3) years as to Count One, and by up to five (5) years as to Count Two, pursuant to 18 U.S.C. § 3583(e)(3).  Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.  The defendant may further be ordered to serve an additional period of supervised release following any term of imprisonment imposed upon revocation.  The term of such additional supervised release may be as much as life, less the term of imprisonment imposed upon revocation.

If the defendant violates supervised release by committing one or more specified child exploitation offenses, the court must revoke supervised release and require the defendant to serve an additional term of imprisonment of at least five (5) years, and may impose a term of imprisonment of up to life, pursuant to 18 U.S.C. § 3583(k).

The Court must further order forfeiture of property used or intended to be used to commit the violations to which the defendant is pleading guilty, including but not limited to the property

identified in the indictment as subject to forfeiture, as well as restitution to the victim of the defendant's offenses, including the full amounts of all losses incurred by the victim and proximately caused by the defendant's criminal conduct.

### IV.    ELEMENTS OF THE OFFENSES

Count 1: (travel in interstate commerce to engage in illicit sexual conduct, 18 U.S.C. § 2423(b)):

> First:      That the defendant traveled in interstate commerce; and
>
> Second:   That the defendant traveled for the purpose of engaging in illicit sexual conduct with another person.

Count 2 (transportation of minor in interstate commerce to engage in criminal sexual activity, 18 U.S.C. § 2423(a)):

> First:      That the defendant knowingly transported a person across state lines;
>
> Second:   That the person was a minor at the time of the transportation;
>
> Third:     That the defendant intended to engage in sexual activity with the minor at the time of the transportation; and
>
> Fourth:   That the defendant could have been charged with a criminal offense for the sexual activity with the minor that he intended to engage in.

### V.    FACTUAL BASIS FOR THE PLEA

Pursuant to Fed. R. Crim. P. 11(b)(3), the Government submits that, had this matter proceeded to trial, the Government would have provide the following facts, among others, beyond a reasonable doubt:

In early 2018, the defendant, a 21-year-old man living in St. Petersburg, Florida, created a chat group on Discord, an Internet-based chat and messaging service that permits users to create customized "servers" permitting users to communicate with each other, both through messages visible to all of the members of the server and through private messages exchanged directly with

each other.   The group created by the defendant attracted various users, primarily young adults and minors.   One of the users was K.S., a 12-year-old girl living with her parents in New Jersey. K.S. was known to be a minor by all of the members of the Discord group, including the defendant, who understood at all relevant times that K.S. was not more than 13 years old.   In messages sent to the Discord group, the defendant explicitly acknowledged his understanding that K.S. was 13 years old.

The defendant and K.S. began communicating through Discord in approximately mid-February 2018.   After numerous communications online, the defendant convinced K.S. that she and the defendant were in a dating relationship.   The defendant and K.S. exchanged phone numbers and began in mid-March 2018 to communicate via telephone and text messaging, in addition to Discord.   The defendant encouraged K.S. to send sexually provocative images of herself to the defendant, which K.S. did.   The defendant also repeatedly expressed to K.S. his desire to engage in sexual conduct with her.   The conversations eventually turned toward the defendant's making arrangements to travel from Florida to New Jersey to meet up with K.S.

The defendant and K.S. agreed that the defendant would travel to meet K.S. on March 29, 2018.   That morning, the defendant took an American Airlines flight from Tampa to Philadelphia, and then a Lyft car from Philadelphia International Airport to a restaurant in southern New Jersey. As agreed with the defendant, K.S. went directly from her middle school to meet the defendant near the restaurant.   Once together, the defendant and K.S. boarded a PATCO train and traveled together into Philadelphia.   Once in Philadelphia, the defendant then arranged for another Lyft car to transport him and K.S. to a hotel near the Philadelphia airport.   The defendant rented a room at the hotel using his debit card.

Once inside the hotel room, the defendant engaged in various sexual activity with K.S. The sexual activity included oral sex and attempted sexual intercourse. The defendant and K.S. remained inside the room for approximately thirty-six hours, leaving occasionally to obtain food from a nearby convenience store and other places in the area.

When K.S. did not return home from school, her parents notified authorities, who used real-time cell-site location information associated with K.S.' cell phone to determine the hotel at which the defendant and K.S. were staying. Law enforcement officers traveled to the hotel in the early morning hours of March 31, 2018, and found both the defendant and K.S. inside the room the defendant had rented. K.S. was recovered by the officers, while the defendant was placed under arrest. The defendant provided a post-<u>Miranda</u> statement in which he made numerous inculpatory admissions including, among other statements, that: 1) he had met K.S. on Discord, in a chat group that he had created; 2) that he and K.S. were in an "official" dating relationship and talked to each other every day; 3) that he knew that his actions were wrong because of K.S.' age; 4) that he flew from Tampa to Philadelphia, and then traveled to New Jersey to meet K.S., hoping to engage in sexual activity with K.S.; 5) that he had taken K.S. by train to Philadelphia, where they eventually traveled to a hotel; and 6) in the hotel room, he performed oral sex on K.S., that K.S. performed oral sex on him, and that he digitally penetrated K.S.' vagina.

The sexual activity that the defendant engaged in with K.S. constituted the rape of a child, in violation of 18 Pa. Stat. Ann. § 3121(c) (defining rape of child as engaging in sexual intercourse, including oral sex, with victim less than 13 years old), as well as involuntary deviate sexual intercourse with a child, in violation of 18 Pa. Stat. Ann. §§ 3123(a)(7) and (b) (defining involuntary deviate sexual intercourse to include oral sex with a person under 13 years of age, and

5

further with a person under 16 years of age who is also more than four years younger than the offender).

The foregoing constitutes only a summary of the defendant's conduct, and does not constitute a comprehensive recitation of all of the evidence that the government would present were this matter to proceed to trial, or that the government may present at sentencing.

## VI. CONCLUSION

For the foregoing reasons, the United States requests that the Court accept the defendant's open plea of guilty to both offenses charged in the indictment.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

s/Seth Schlessinger
Seth M. Schlessinger
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8524

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 4, 2019, I filed a copy of the foregoing document with the Clerk of the Court, and served a copy upon counsel of record for the defendant, via CM/ECF.

s/Seth Schlessinger
Seth M. Schlessinger
Assistant United States Attorney
